EXHIBIT 1

# EXHIBIT 1
## COMPLAINT

MICHAEL K. JEANES
Clerk of the Superior Court
By Caitlyn Troxel, Deputy
Date 06/07/2017 Time 16:52:49
Description                    Amount
-------- CASE# CV2017-053506 --------
CIVIL NEW COMPLAINT             319.00

TOTAL AMOUNT                    319.00
             Receipt# 25983924

Michael Ngalula
3053 W. Monte Cristo Ave.
Phoenix, AZ 85053
radiokingcongo@gmail.com
(623) 241-1603
Pro Per Plaintiff

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL NGALULA,<br><br>    Plaintiff,<br><br>v.<br><br>SUNSHINE RESIDENTIAL HOMES, INC. AND SUNSHINE GROUP HOMES, INC.,<br><br>    Defendants. | Case No.: CV2017-053506<br><br>**COMPLAINT**<br><br>(Jury Trail Demanded) |

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff is an African-American man residing in Maricopa County, Arizona.

2.    Defendants own and operate multiple group homes in Maricopa County Arizona where they provide services for at-risk youth. At all times relevant to this matter, Defendants operated as a joint enterprise, with common a common business purpose, common ownership, and common policies and procedures.

3.    Plaintiff brings this action under Title VII of the federal Civil Rights Act of 1964.

4.    Plaintiff worked for Defendants from May 2012 until his involuntary termination in November 2013.

5. During this time period Plaintiff was an employee and Defendants were his employer as those terms are defined by Title VII.

6. The events and actions complained of herein occurred in Maricopa County, Arizona.

7. This Court has jurisdiction over this matter and venue is proper before this Court pursuant to A.R.S. §12-401.

## FACTUAL BACKGROUND

8. Plaintiff was subjected to a sexually hostile work environment by his supervisor Kisiah Williams while working as an Assistant House Manager at Defendants' Manzinita facility located on 59th Avenue and Northern in Glendale, Arizona.

9. Ms. Williams' offensive and unwelcome conduct toward Plaintiff was severe and/or pervasive and included unwanted sexual touching, sexually inappropriate comments and gestures.

10. Ms. Williams' conduct included, but is not limited to showing Plaintiff photos of herself in her bra, making comments about Plaintiff's physical appearance including his buttocks, comments about her sex life with her husband, comments about her desire for a man who would "take charge" in bed, and showing Plaintiff text messages with explicit sexual messages.

11. In addition, Ms. Williams touched Plaintiff in an unwelcome and offensive manner. On multiple occasions she grabbed or hugged him, kissed him on his neck and/or rubbed the muscles on his biceps while making sexually suggestive noises.

12. In August 2013, Plaintiff received an invitation from Ms. Williams to attend an out of work social event. Plaintiff ignored the invitation, which he interpreted as yet another unwelcome advance. Shortly thereafter Plaintiff was called into a meeting with Defendants' senior management and informed that his employment was being terminated for pretextual and bogus reasons.

2

13.   In this meeting, Plaintiff complained to Defendants' senior manager, Kara Hawkins, about Ms. Williams' inappropriate conduct and his belief that the proposed termination was a pretext for him rejecting her advances.

14.   Following this internal harassment complaint, Defendants transferred Plaintiff to its Augusta House location, a less desirable location, and placed him on a performance improvement plan in lieu of termination while it allegedly investigated Plaintiff's internal harassment complaint.

15.   Defendants never informed Plaintiff of the outcome of any such investigation, and never provided Plaintiff with a copy of its alleged policy against harassment and retaliation.

16.   Defendants did not conduct a prompt, thorough and impartial investigation into his harassment complaint.

17.   Defendants did not take appropriate action to protect Plaintiff from further workplace harassment. In fact, following his internal complaint Plaintiff saw Ms. Williams at a workplace event where he overheard her making negative comments about him.

18.   Subsequently on November 25, 2013, Defendants terminated Plaintiff's employment in retaliation for Plaintiff complaining about Ms. Williams.

19.   Plaintiff filed a timely charge of sex discrimination and retaliation with the Equal Employment Opportunity Commission on January 15, 2014 challenging Defendants' unlawful conduct.

20.   Following an investigation, the EEOC issued a Reasonable Cause Determination on the merits of the Charge in January 2017.

21.   The EEOC's Determination found "reasonable cause to believe that Charging Party was subjected to unlawful sexual harassment and retaliated against by Respondent in the form of involuntarily reassignment, discipline and termination, in violation of Title VII."

3

22.    Conciliation of this matter was not successful.  Accordingly, on March 9, 2017 the EEOC issued Plaintiff his Notice of Right to Sue.

23.    This action is timely filed within 90 days following Plaintiff's receipt of the Notice of Right to Sue from the EEOC.

## COUNT I - RETALIATION

24.    Plaintiff's August complaint about Ms. Williams to Ms. Hawkins was legally protected opposition to conduct which he reasonably believed was unlawful.

25.    Because of this complaint, Defendants transferred Plaintiff to a less desirable work location and subsequently terminated his employment for false and pretextual reasons.

26.    The real reason for Plaintiff's termination was Defendants' unlawful retaliation against Plaintiff for his harassment complaint.

27.    As a result of Defendants' unlawful conduct Plaintiff has been damaged. These damages include lost back and front wages and related benefits, damage to his reputation, stress, anxiety and related compensatory damages.

28.    Defendants terminated Plaintiff knowing that its actions were in violation of federal law.  As such, Plaintiff is also entitled to recover punitive damages against Defendants.

## COUNT II -HARASSMENT

29.    Defendants are legally responsible for the above described actions of Ms. Williams, a management level employee.

30.    Ms. Williams' conduct meets either or both the severe or pervasive standard for unlawful sexual harassment.

31.    Ms. Williams' conduct caused Plaintiff damage.  This includes the embarrassment, stress and anxiety he experienced as a result of her unwelcome conduct, which created a hostile working environment.

4

Plaintiff therefore seeks relief for unpaid lost past and future wages, for compensation for all of the physical harm and stress that Defendants caused, for punitive damages, and for all other relief available.

DATED this ___7ᵗʰ___ day of June 2017.

By: _____
    Michael Ngalula
    Pro se

5